IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


T. J. BURRIS,                                          Civil No. 05-0073-HU

      Petitioner,                          FINDINGS AND RECOMMENDATION

   v.


BRIAN BELLEQUE,

      Respondent.



   C. RENEE MANES
   Assistant Federal Public Defender
   101 S.W. Main St., Suite 1700
   Portland, OR  97204

      Attorney for Petitioner

   HARDY MYERS
   Attorney General
   JONATHAN W. DIEHL
   Assistant Attorney General
   1162 Court Street, N.E.
   Salem, OR  97301

      Attorneys for Respondent


   1- FINDINGS AND RECOMMENDATION -

HUBEL, Magistrate Judge.

Petitioner, an inmate in custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's amended habeas corpus petition (#14) should be denied.

<u>BACKGROUND</u>

In May, 1998, Petitioner was tried in Josephine County Circuit Court on charges of sexual assault on two children. The jury was unable to reach a verdict. In a second trial in August, 1998, a jury found Petitioner guilty of Sexual Penetration with a Foreign Object, Sexual Abuse in the First Degree (three counts), and Sexual Abuse in the Second Degree by a vote of 10-2. Shortly after the verdict was returned, Petitioner's trial counsel moved for a new trial when two jurors contacted her with concerns about the fairness of the proceedings and possible misconduct by a juror. Following a hearing at which jurors testified, the motion was denied. Petitioner was sentenced under Measure 11 to 100 months incarceration and 20 years post-prison supervision for Sexual Penetration with a Foreign Object, and concurrent 75-month sentences with 10 years post-prison supervision on the remaining charges. Judgment was entered November 16, 1998.

Petitioner directly appealed his conviction, but the Oregon Court of Appeals affirmed without opinion. *State v. Burris*, 169

2- FINDINGS AND RECOMMENDATION -

Or. App. 205 (2000).  The Oregon Supreme Court denied review, 331 Or. 244 (2000), and the appellate judgment issued on July 26, 2001.

On July 2, 2002, Petitioner filed for post-conviction relief (PCR).  The PCR court denied relief on June 10, 2003.  On July 21, 2003, Petitioner filed notice of appeal.  On its own motion, the Oregon Court of Appeals dismissed Petitioner's appeal as untimely.  (Respt.'s Exh. 110.)  Petitioner did not seek review by the Oregon Supreme Court.  Appellate judgment issued on November 3, 2004.  Petitioner filed a second petition for post-conviction relief following publication of *Blakely v. Washington*, 542 U.S. 296 (2004).  The petition was denied as successive.

Petitioner signed the instant petition on January 13, 2005. It carries a filing date of January 18, 2005.  Respondent contends the petition is untimely and Petitioner's claims procedurally defaulted.  Petitioner argues the petition was filed within one year of *Blakely*, which announced a new rule, and accordingly is timely.  Petitioner further argues that his claims are not procedurally defaulted.

DISCUSSION

The Anti-terrorism and Effective Death Penalty Act (AEDPA) was enacted on April 24, 1996.  Pursuant to the Act, a one-year period of limitation applies to an application for a writ of

3- FINDINGS AND RECOMMENDATION -

habeas corpus filed by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). "The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . [or] (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[. . . .]" *Id.* The limitation period is tolled during the pendency of a properly filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2).

Respondent calculates Petitioner's limitation period ran from October 24, 2001, the date the criminal proceedings became final, until July 2, 2002, the date on which Petitioner filed his original petition for post-conviction relief, and from July 10, 2003, the latest date on which Petitioner could have filed a timely notice of appeal in the PCR proceeding, until January 13, 2005, the date Petitioner signed the instant petition. (Respt.'s Response, 2.) Respondent notes that the statute of limitations was not tolled during Petitioner's PCR appeal because it was untimely and, thus, not properly filed. *Id.* A total of 804 days elapsed, exceeding the 365 day limitation period. *Id.*

4- FINDINGS AND RECOMMENDATION -

Petitioner does not dispute that his habeas petition was filed more than a year after his state proceedings were final. However, Petitioner argues the statute of limitations should be counted from June 24, 2004, the date the Supreme Court published *Blakely*. Petitioner reasons *Blakely* announced a new rule and necessarily overruled *Apodaca v. Oregon*, 406 U.S. 404 (1972) (plurality) (holding the Sixth Amendment right to a jury trial does not require a unanimous verdict in state criminal prosecutions), and, therefore, *Blakely* makes his conviction on a less than unanimous verdict unconstitutional. I find Petitioner's reliance on *Blakely* as the triggering event for the statute of limitations to be in error.

Petitioner acknowledges his state proceedings were final approximately two years before *Blakely* was decided. (Petr.'s Memorandum, 2.) Calculating the timeliness of his petition from the date *Blakely* was announced is, therefore, dependent upon *Blakely* applying retroactively. Applying the test for the retroactive application of Supreme Court decisions announced in *Teague v. Lane*, 489 U.S. 288 (1989), the Ninth Circuit found *Blakely* does not apply retroactively to cases on collateral review.

In *Teague,* the Supreme Court identified two exceptions to the general principle that new rules generally do not apply on

collateral review.  489 U.S. at 310-313.  The exception relevant
to this case is that new procedural rules may apply retroactively
if they amount to "watershed rules of criminal procedure
implicating the fundamental fairness and accuracy of the criminal
proceeding."  *Saffle v. Parks*, 494 U.S. 484, 495 (1990) (quoting
*Teague*) (internal quotation omitted).  Applying these criteria,
the Ninth Circuit held that *Blakely* announced a new procedural
rule, that the rule was not a watershed rule of criminal
procedure, and, accordingly, that the rule did not apply
retroactively to convictions final before it was announced.
*Schardt v. Payne*, 414 F.3d 1025, 1034, 1036, 1038 (9th Cir. 2005)
(joining the Tenth Circuit in holding *Blakely* not retroactive on
collateral review), *petition for cert. filed*, (U.S. Nov. 10,
2005) (No. 05-9237).  In light of the Ninth's Circuit's holding
in *Schardt*, and the absence of a Supreme Court decision making
*Blakely* retroactive to cases on collateral review, Petitioner's
reliance on *Blakely* for triggering the statute of limitation is
in error.[1]

Because the petition is untimely, it is not necessary to
address the merits of Petitioner's claims or Respondent's

_____

[1]The Supreme Court was poised to address whether *Blakely*
announced a new rule and whether it applied retroactively on
collateral review, but left the questions unanswered. *See Burton
v. Stewart*, 127 S. Ct. 793 (2007) (per curiam).

        6- FINDINGS AND RECOMMENDATION -

contention that the grounds for relief are procedurally defaulted.

## **CONCLUSION**

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (#14) should be denied as untimely, and this proceeding should be dismissed.

## **SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due January 11, 2008.  If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due January 25, 2008, and the review of the Findings and Recommendation will go under advisement on that date.


DATED this __27th___ day of December, 2007.


/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge




7- FINDINGS AND RECOMMENDATION -