UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

T. J. BURRIS,

        Petitioner,

v.

BRIAN BELLEQUE,

        Respondent.

Civil No. 05-73-HU

ORDER

HAGGERTY, Chief Judge:

    Magistrate Judge Hubel issued a Findings and Recommendation [51] recommending that the Petition for Writ of Habeas Corpus [14] in this matter should be denied, and that Judgment should be entered dismissing this action. Objections [52] to portions of the Findings and Recommendation were filed by petitioner. The matter was then referred to this court for review.

    When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Petitioner filed objections in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, defendant's objections, and the Record of the case.

1 -- ORDER

This court's *de novo* review has examined each of the four objections presented. These include assertions that the Magistrate Judge (1) failed to "analyze what constitutional right is recognized by a majority of the Supreme Court" in the decisions of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004) (hereinafter *Apprendi/Blakely*); (2) failed to analyze "whether the plurality rulings of *Apodaca v. Oregon*, 406 U.S. 404 (1972) (plurality) and *Johnson v. Louisiana*, 406 U.S. 356 (1972) (plurality), retain any validity in light of the constitutional right recognized in *Apprendi/Blakely*;" (3) made a "determination of retroactivity of the right recognized in *Apprendi/Blakely* without analyzing the issue in the context of guilt phase proceedings;" and (4) determined that petitioner's claims were untimely without conducting the proper analyses. Obj. at 1-2.

As the Findings and Recommendation recognized, the petitioner "does not dispute that his habeas petition was filed more than a year after his state proceedings were final." Findings and Recommendation at 5. The Findings and Recommendation then rejected petitioner's argument that the applicable statute of limitations should be calculated from the date the Supreme Court published *Blakely*. In doing so, the Findings and Recommendation correctly evaluated whether *Blakely* should be interpreted to apply retroactively. *Id.*, citing *Schardt v. Payne*, 414 F.3d 1025 (9th Cir. 2005) (joining the Tenth Circuit in holding *Blakely* does not apply retroactively on collateral review), *pet. for cert. filed*, (U.S. Nov. 10, 2005) (No. 05-9237). The Ninth Circuit acknowledged in *Schardt* that new procedural rules "generally do not apply retroactively, unless they amount to watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schardt*, 414 F.3d at 1036 (internal quotations and citations omitted). The court then examined *Blakely* and concluded that

the ruling "did not announce a watershed rule of criminal procedure." *Id.* As noted in the Findings and Recommendation, the Supreme Court appeared poised to address whether *Blakely* announced a new rule and whether it applied retroactively on collateral review, but has left the current law on these questions undisturbed. Findings and Recommendation at 6, n.1 (citing *Burton v. Stewart,* __ U.S. __, 127 S. Ct. 793 (2007) (*per curiam*)).

Accordingly, the Findings and Recommendation correctly rejected petitioner's assertion that *Blakely* announced a new rule and overruled *Apodaca*, which held that the Sixth Amendment right to a jury trial does not require a unanimous verdict in state criminal prosecutions. There is no dispute that petitioner's state proceedings were final approximately two years before *Blakely* was decided. Because petitioner's reliance upon *Blakely* as a trigger for calculating the applicable statute of limitations is erroneous, the conclusion that the petition is untimely is correct.

The Findings and Recommendation is free from error. Petitioner's objections that the Findings and Recommendation erred in its analyses of timeliness, or in identifying what rights were recognized in the *Apprendi/Blakely* decisions, or in its view of *Apodaca*, are overruled.

## CONCLUSION

Petitioner's objections [52] are OVERRULED. The Findings and Recommendation [51] is ADOPTED as follows: the Petition for Writ of Habeas Corpus [14] is denied, and Judgment shall be entered dismissing this action.

IT IS SO ORDERED.

Dated this ___ day of February, 2008.

Ancer L. Haggerty
United States District Judge